UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CARLOS GOMEZ,

    Plaintiff,
vs.

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, Carlos Gomez ("GOMEZ"), by and through the undersigned counsel, hereby sues Life Insurance of Company of America ("LINA") and alleges:

## PRELIMINARY ALLEGATIONS

1.    "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under employee benefits plans regulated and governed under ERISA. This action is brought for the purpose of recovering benefits under the terms of employee benefits plans, and to clarify Plaintiff's rights under the employee benefit plans administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and postjudgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2.    GOMEZ was at all times relevant a plan participant under the Navy Federal Credit Union Long Term Disability Plan, Group Policy LK-0980205 ("LTD" Plan).

3.      Defendant, LINA, is a corporation with its principal place of business in the State of Pennsylvania, authorized to transact and is transacting business in, and may be found in the Southern District of Florida. LINA is the insurer of benefits under the Navy Federal Credit Union LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination.

4.      The LINA LTD Plan are employee welfare benefit plans regulated by ERISA, established by Navy Federal Credit Union under which GOMEZ was a participant, and pursuant to which GOMEZ is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, GOMEZ is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as MASON remains disabled as required under the terms and conditions of the LTD plan

5.      Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, LINA, is authorized to and is doing business within the Southern District of Florida, and the final denial of benefits occurred in this Court's jurisdiction.

**COUNT I:**
**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

6.      GOMEZ incorporates by reference all preceding paragraphs as though fully set forth herein.

7.      At all times relevant, GOMEZ was an employee or former employee of Navy Federal Credit Union. and a plan participant under the terms and conditions of the LTD Plan.

8.      During the course of GOMEZ's employment, GOMEZ became entitled to

benefits under the terms and conditions of the LTD Plan. Specifically, while GOMEZ was covered under the LTD Plan, GOMEZ suffered a disability, which due to the privacy of same is discussed in great detail in the administrative record, rendering him disabled as defined under the terms of the LTD Plan.

9. Pursuant to the terms of the LTD Plan, GOMEZ made a claim to LINA for LTD benefits under the LTD Plan with an effective date of disability of June 13, 2018.

10. Following the Elimination Period, and after the filing of a Short Term Disability appeal, LINA approved GOMEZ's claim for benefits after it determined he was disabled under the terms and conditions of the policy as it related to his ability to perform the material and substantial duties of his occupation as a Member Services Rep.

11. LTD benefits became payable as of December 10, 2018.

12. As it relates to GOMEZ's current claim for benefits, Disabled is defined to mean: After disability Benefits have been payable for 12 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is: (1) unable to perform the material duties of any occupation for which he or she is, or may reasonably become qualified based on education, training or experience; and (2) unable to earn 60 percent or more of his or her Indexed Earnings.

13. On July 10, 2019, LINA advised GOMEZ that the definition of disability under his policy would switch to the "any occupation" standard of disability effective December 10, 2019.

14. On December 17, 2019, LINA sent GOMEZ for an Independent Medical Examination.

15. Following the IME and additional internal medical reviews, LINA advised GOMEZ on February 26, 2020, it was terminating his claim for benefits as it had

determined that there were no medically necessary restrictions and limitations that would prevent him from performing the material duties of any occupation performed at a Sedentary demand level.

16. On June 16, 2020, GOMEZ was notified by the Social Security Administration that his claim for disability benefits (SSDI) had been approved with an effective date of June 2018.

17. On July 30, 2020, GOMEZ properly filed his administrative appeal, and in doing so provided additional medical records and statements from his doctors supporting disability, along with the SSDI award letter.

18. On August 20, 2020, LINA sent GOMEZ a letter advising receipt of the appeal.

19. On September 11, 2020, LINA advised GOMEZ it was exercising its 45 day extension to review his claim.

20. On September 23, 2020, LINA advised GOMEZ it was continuing to review his appeal for LTD Benefits.

21. On November 11, 2020, LINA again advised GOMEZ in a form letter that it was continuing to review his appeal and would provide an update within 30 days.

22. On December 8, 2020, GOMEZ sent correspondence to LINA to request an update on his appeal and to advise LINA that the 45 day extension to review the claim had ended on October 26, 2020, and that LINA was 42 days late in providing a decision.

23. On December 10, 2020, LINA again sent the same form letter as previously mailed on September 23, 2020, and November 11, 2020.

24. On January 8, 20201, LINA once again sent the same form letter advising that the appeal was still under review.

25. GOMEZ contends he provided all information to LINA for consideration in support of his appeal.

26. Pursuant to ERISA, LINA has 45 days to render a decision, with the ability to request a 45 day extension for good cause, totaling 90 days to render a decision.

27. As of the date of this Complaint, 166 days has passed since the appeal was filed, and 78 days has passed since the end of LINA's extension.

28. LINA has breached its fiduciary duty to GOMEZ by failing to make a determination on his claim within the statutory time frame imposed by ERISA.

29. LINA is in violation of ERISA, 29 C.F.R. §2560.503-1(i)(3), for failure to render a decision within the statutorily imposed deadlines.

30. LINA's failure to render a timely response to GOMEZ's appeal is a de facto denial of benefits.

31. GOMEZ contends he has exhausted all administrative remedies in light of violation of ERISA, 29 C.F.R. §2560.503-1(i)(3) for failure to render a timely decision.

32. LINA breached the LTD Plan and violated ERISA in the following respects:

   a. By failing to pay LTD benefits to GOMEZ at a time when LINA and the LTD Plan knew, or should have known, that GOMEZ was entitled to those benefits under the terms of the LTD Plan, as GOMEZ was disabled and unable to work and therefore entitled to benefits.

   b. After GOMEZ's claim was denied in whole or in part, LINA failed to adequately describe to GOMEZ any additional material or information necessary for GOMEZ to perfect his claim along with an explanation of why such material is or was necessary.

c. LINA failed to properly and adequately investigate the merits of GOMEZ's disability claim and failed to provide a full and fair review of GOMEZ's claim.

d. LINA has failed to respond to GOMEZ's appeal within the statutory imposed deadlines of ERISA, 29 C.F.R. §2560.503-1(i)(3).

33. GOMEZ believes and alleges that LINA wrongfully denied his claim for LTD Benefits under the LTD Plan by other acts or omissions of which GOMEZ is presently unaware, but which may be discovered in this future litigation and which GOMEZ will immediately make LINA aware of once said acts or omissions are discovered by GOMEZ.

34. As a proximate result of the aforementioned wrongful conduct of LINA under the LTD Plan, GOMEZ has damages for loss of disability benefits in a total sum to be shown at the time of trial.

35. As a further direct and proximate result of this improper determination regarding GOMEZ's claims for benefits, GOMEZ, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), GOMEZ is entitled to have such fees and costs paid by LINA.

36. The wrongful conduct of LINA has created uncertainty where none should exist, therefore, GOMEZ is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, Carlos Gomez prays for relief against Life Insurance Company of America as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: January 12, 2021

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

　/s/ *Stephen F. Jessup*　
STEPHEN F. JESSUP, ESQUIRE
Florida Bar No.: 0026264
Email: stephen@diattorney.com